**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARCLAYS BANK DELAWARE**, <br><br> Plaintiff, <br><br> v. <br><br> **CHERYL CONGROVE,** <br><br> Defendant. | Civil Action No. 25-1977 (ZNQ) (JTQ) <br><br> **MEMORANDUM ORDER** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon *Pro Se* Defendant Cheryl Congrove's ("Defendant") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-3), together with her Notice of Removal (ECF No. 1).  For the reasons set forth below, Plaintiff's IFP application is **GRANTED** but this matter will be **REMANDED** to New Jersey Superior Court, Monmouth County.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

    In her Notice of Removal, Defendant asserts federal question jurisdiction.  (ECF No. 1 at 1–2.)  As the basis for federal question jurisdiction, she contends that Plaintiff Barclays Bank Delaware "violated multiple federal laws, including" the Truth in Lending Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Federal Reserve Act.  (*Id*. at 1.) Defendant also asserts Plaintiff's attorney violated federal privacy laws.  (*Id.* at 1–2.)

    Plaintiff does not attach the state court complaint to her Notice of Removal, but based on other state court documents that she provides, it appears that Plaintiff was suing Defendant based

1

on outstanding credit card debt of approximately $6,000 from 2023. (*See* Certification of Proof executed February 6, 2025, attached to Plaintiff's Motion for Default Judgment, ECF No. 1-2 at 10–11; Mastercard Statement for Period 08/04/2023 to 09/03/2023, ECF No. 1-2 at 12–15.) The Court therefore construes the underlying state court complaint as asserting a claim under state law.

## II.   LEGAL STANDARD

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### A.   REVIEW PURSUANT TO 28 U.S.C. § 1915(e)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

### III.  DISCUSSION

#### A.  IFP SCREENING

Based on the information Defendant provided with respect to her financials, the Court finds it is appropriate to permit her to proceed IFP.  Accordingly, the Court will **GRANT** Defendant's application.

#### B.  REVIEW OF THE NOTICE OF REMOVAL

The Court also reviewed the Notice of Removal and for the reasons set forth below finds that Defendant fails to establish this Court's subject matter jurisdiction.

Under the well-pleaded complaint rule, a cause of action "arises under" federal law, and removal is proper, only if a federal question is presented on the face of a plaintiff's properly pleaded complaint.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–12, (1983).  To permit federal defenses, federal counterclaims, or potential federal issues to give rise to federal removal jurisdiction "would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings." *Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002) (holding that a federal defense cannot establish federal jurisdiction, and also "declin[ing] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule'").

Here, Defendant has not shown that Plaintiff's state court complaint arises under federal law.  Defendant's counterclaims under federal law cannot provide this Court with subject matter jurisdiction.  Given Defendant's *pro se* status the Court also reviewed the record for any basis for diversity jurisdiction.  Defendant appears to be a citizen of New Jersey, but Defendant does not provide Plaintiff's citizenship in her Notice of Removal.  Regardless, the damages at issue under

the Complaint of approximately $6,000 falls well below the jurisdiction threshold of $75,000 required under 28 USC § 1332. Accordingly, the Court also finds no basis to assert diversity jurisdiction.

Therefore, **IT IS** on this **30th** day of **December 2025**,

**ORDERED** that Defendant's application to proceed *in forma pauperis* is hereby **GRANTED**; it is further

**ORDERED** that the Amended Complaint is hereby **REMANDED** to New Jersey Superior Court, Monmouth County; it is further

**ORDERED** that Defendant's pending Motions at ECF Nos. 6, 7, 8, 9, 11, 12, and 18 are hereby **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk's Office is instructed to send a copy of this Order to Defendant by regular U.S. mail.

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**